# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**WILLIAM A. SHIPLEY,**

        **Plaintiff,**

                                      **CIVIL ACTION**
**vs.**                                     **No. 04-2573-JWL**

**INTERNAL REVENUE SERVICE,**

        **Defendant.**

## MEMORANDUM AND ORDER

Plaintiff William A. Shipley, proceeding *pro se*, filed this action[1] against Defendant Internal Revenue Service ("IRS") pursuant to 26 U.S.C. § 7344, alleging that the IRS unlawfully levied upon his social security payments.[2]

The case is before the court on Defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), or in the alternative, for summary judgment pursuant to Fed. R. Civ. P. 56 (Doc. 6). Specifically, Defendant argues that the court lacks subject matter jurisdiction over Plaintiff's complaint because his claim is barred under the applicable statute of limitations and he failed to exhaust his administrative remedies. For the reasons set forth below, the court determines that it does not possess subject matter jurisdiction because

---

[1] The case was transferred to the undersigned judge after the death of Judge G. Thomas VanBebber.

[2] Although Plaintiff named the IRS as defendant, the United States is the proper defendant. See 26 U.S.C. § 7344(a) (stating that a taxpayer may bring a civil action against the United States).

Plaintiff's claim is barred by the statute of limitations.

## I. BACKGROUND

The IRS assessed federal taxes and penalties for tax year 1990 against Mr. Shipley in July 1995. The IRS issued Mr. Shipley a notice of intent to levy in April 1999 because of his failure to pay those taxes and penalties. In July 1999, Mr. Shipley filed a lawsuit against the IRS in Kansas federal district court, requesting an injunction to prevent the IRS "from assessing or collecting federal income taxes from him and to require the IRS to release tax liens against him." See Shipley v. IRS, No. 99-2331-KHV, 2000 WL 575019, at *1 (D. Kan. Mar. 30, 2000). On January 4, 2000, Mr. Shipley filed a motion for an emergency protective order to prevent the IRS from levying on his social security payments. On March 30, 2000, the Honorable Judge Kathryn Vratil dismissed Mr. Shipley's case for lack of subject matter jurisdiction and denied Mr. Shipley's motion for a protective order as moot. Id. at *6 n.5.

The IRS levied on Mr. Shipley's monthly social security payments from January 2, 2000 until November 4, 2002. Mr. Shipley claims that he requested an administrative hearing with the IRS's Kansas City, Missouri office in mid-2001. He states that he went to a scheduled meeting on August 2, 2001, but that an IRS supervisor ultimately barred him from entering the hearing room. Since that time, Mr. Shipley alleges that he has made several other requests for administrative hearings to various IRS offices, but that his requests were ignored. Mr. Shipley filed this lawsuit on November 29, 2004, claiming that the IRS fraudulently collected his entire social security check for a period of thirty-six months.

## II. STANDARD FOR MOTION TO DISMISS PURSUANT TO RULE 12(b)(1)

A motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) generally takes one of two forms: either a facial challenge or a factual challenge. Stuart v. Colo. Interstate Gas Co., 271 F.3d 1221,

1225 (10th Cir. 2001) (citing Holt v. United States, 46 F.3d 1000, 1002-03 (10th Cir. 1995)). A party making a facial challenge attacks the allegations in the complaint regarding subject matter jurisdiction. Id. In evaluating a facial challenge, the court must treat the allegations in the complaint as true. Id. Alternatively, in a factual challenge a party may "go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction is based." Id. Here, Defendant chose to make a factual attack by offering exhibits in support of its motion.[3] See, e.g., id. (holding a defendant who offered affidavits in support of its 12(b)(1) motion made a factual attack). In addressing a factual challenge, the court does not presume the truthfulness of the factual allegations in the complaint and has "'wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts.'" Id. (quoting Holt, 46 F. 3d at 1003). In a factual attack under Rule 12(b)(1), the court's reference to evidence outside the pleadings does not convert the motion into a motion for summary judgment, Stuart, 271 F.3d at 1224, unless the jurisdictional question is intertwined with the merits of the case because subject matter jurisdiction is dependent on the same statute which provides the substantive claim in the case, compare Holt, 46 F.3d at 1003 (holding the district court properly considered evidence outside the pleadings without converting the motion into a Rule 56 motion where the jurisdictional issue of government immunity did not depend on the Federal Tort Claims Act which provided the substantive claims in the case), with Wheeler v. Hurdman, 825 F.2d 257, 260 (10th Cir. 1987) (holding the district court properly characterized 12(b)(1) motion as motion for summary judgment where determination of whether plaintiff qualified as an "employee" under the federal discrimination statutes was both a jurisdictional question and an aspect of the substantive claim). Because Defendant makes a factual

---

[3]     Plaintiff also attached documents in opposition to Defendant's motion.

challenge which is not intertwined with the merits of Plaintiff's case, the court will evaluate the motion by resolving disputed jurisdictional facts, but will not convert the motion to one for summary judgment.

### III.  DISCUSSION

Section 7433(a) of title 26 waives the United States's sovereign immunity and "authorizes a taxpayer to seek damages for the IRS's alleged disregard of a tax law or regulation in collecting a tax." Overton v. United States, No. 99-2069, 2000 WL 14274, at *2 (10th Cir. Jan. 7, 2000).[4]  Section 7433 contains a statute of limitations which allows a taxpayer to bring suit "within 2 years after the date the right of action accrues." 26 U.S.C. § 7433(d)(3); see also 26 C.F.R. § 301.7433-1(g)(2) ("A cause of action under . . . this section accrues when the taxpayer has had a reasonable opportunity to discover all essential elements of a possible cause of action."). Additionally, the statute states that "[a] judgment for damages shall not be awarded . . . unless the court determines that the plaintiff has exhausted administrative remedies available to such plaintiff within the Internal Revenue Service." 26 U.S.C. § 7433(d)(1); see also 26 C.F.R. § 301.7433-1(e) (outlining the procedures for filing an administrative claim). Both of these requirements are jurisdictional. Gass v. United States Dep't of Treasury, No. 99-1179, 2000 WL 743671, at *2 n.1 (10th Cir. June 9, 2000); Overton, 2000 WL 14274, at *2 (citation omitted).

---

[4]  That section provides in relevant part:

> If, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence, disregards any provision of this title, or any regulation promulgated under this title, such taxpayer may bring a civil action for damages against the United States in a district court of the United States.

26 U.S.C. § 7433(a).

4

Defendant first argues that Plaintiff's complaint is barred by the two-year statute of limitations because he did not file this action until November 29, 2004. In particular, Defendant contends that Plaintiff had a reasonable opportunity to discover any improprieties with the levy on his social security payments in January 2000, at the time of the first levy. Moreover, Defendant asserts that the allegations in Plaintiff's complaint establish that Plaintiff knew about any improprieties no later than August 2001, when he discussed the levy with an IRS agent. In any event, Defendant maintains that Plaintiff's action would still be time-barred even if the court calculated the limitation period from the date of the last levy, November 4, 2002.

In response, Plaintiff reiterates his claim that the IRS unlawfully collected his entire social security check from January 2, 2000 until November 4, 2002. Plaintiff argues that the statute of limitations did not commence in January 2000. Rather, Plaintiff claims that the statute of limitations began on February 23, 2004, when he received a letter from the IRS stating that "[t]he law allows the IRS to take up to 15% of your benefits to pay your overdue taxes." Until he received this letter, Plaintiff asserts that he was unaware that the IRS had violated a percentage limitation when it levied upon his social security check. While Defendant disputes that it acted improperly with respect to its levy, it argues that Plaintiff is charged with knowledge of the law. Thus, Defendant maintains that by November 2002, Plaintiff "was armed with all the facts supporting his claim" and that his alleged discovery for the legal basis of his claim in 2004 is irrelevant.

The court concludes that Plaintiff knew the essential elements of his § 7344 claim for the alleged unauthorized collection of his social security payments by November 4, 2002, at the latest. See Ranciato v. United States, No. 3-00-CV-1024, 2001 WL 58827, at *3 (D. Conn. Jan. 23, 2001) (holding that a cause of action under § 7433 accrued at the time of the collection activity, not when the taxpayer received actual knowledge that the collection activity was unlawful). As Defendant correctly points out, knowledge of the law

5

is presumed. Atkins v. Parker, 472 U.S. 115, 130 (1985) (citation omitted); see also Ranciato, 2001 WL 58827, at *3 (quoting Dziura v. United States, 168 F.3d 581, 583 (1st Cir. 1999)) ("'Taxpayers–like the IRS itself–[are] chargeable with knowledge of the law . . . .' The IRS is not obligated to notify which of its actions constitute illegal actions and such notification is not an element of a § 7433 claim."). Plaintiff's receipt of the February 2004 letter did not trigger the statute of limitations.[5] Additionally, Plaintiff's lawsuit in 1999 before Judge Vratil contesting the levy on his social security payments, as well as his alleged previous requests for an administrative hearing with the IRS, undercuts his position. His § 7433 claim is therefore barred by the two-year statute of limitations because he did not file this lawsuit until November 29, 2004. Based on this ruling, the court does not address Defendant's exhaustion argument.

**IT IS THEREFORE BY THE COURT ORDERED** that Defendant's motion to dismiss for lack of subject matter jurisdiction (Doc. 6) is granted. This case is dismissed.

Copies of this order shall be transmitted to *pro se* Plaintiff and counsel of record.

**IT IS SO ORDERED** this 6th day of June, 2005.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge

---

[5] The court observes that Plaintiff had sufficient time to file his lawsuit even after he received the letter in February 2004.